**GARDNER v JOHNS; et**

Ohio Appeals, 3rd Dist, Crawford Co.

No. 1400.   Decided April 22, 1939

H. M. Rust, J. D. Sears, Bucyrus, for plaintiff-appellant.

Chance DeWald, Crestline; Edward J. Myers, Bucyrus, for defendants-appellees.

**OPINION**

BY THE COURT:

This is a suit to foreclose a mortgage and for personal judgment instituted by L. M. Gardner against Ida L. Johns, Clarence Helfrich and The Crestline Building & Loan Association as defendants.

On July 16, 1930, Ida L. Johns, a widow, was the owner and in possession of Outlot No. 172 in the Village of Crestline, Ohio, which was a family residence property, and on this date said Ida L. Johns borrowed of The Crestline

Building & Loan Association $1400 and executed and delivered her promissory note to said association therefor, and at the same time and as a part of the same transaction and to secure the payment thereof executed and delivered to said association her first mortgage on said Outlot No. 172. This mortgage was filed for record with the recorder of Crawford County, Ohio, on July 18, 1930.

On the 3rd day of November, 1930, Ida L. Johns, for value received executed and delivered to the plaintiff L. M. Gardner her promissory note of that date for the sum of $2586.68 and to secure the payment thereof then executed and delivered to the said Gardner her mortgage deed of and on said Outlot No. 172, theretofore mortgaged to said Crestline Building & Loan Association as hereinbefore mentioned. This mortgage was filed for record in the office of the recorder of Crawford County, Ohio on February 22, 1931.

On the 25th day of November, 1931, the said Ida L. Johns by warranty deed conveyed said Outlot No. 172 to Clarence Helfrich. This deed provides, among other things, "The premises hereby conveyed are warranted to be clear, free and unincumbered and we will forever defend the same against the lawful claims of all persons whomsoever, assumes a mortgage held by The Crestline Building & Loan Association."

On the 27th day of November, 1931, Clarence Helfrich by warranty deed conveyed these same premises, Outlot No. 172, to The Crestline Building & Loan Association. This deed contained a stipulation as follows: "The premises hereby conveyed are warranted to be free, clear and unincumbered and we will forever defend the same against the lawful claims of all persons whomsoever. Said grantee assumes all taxes and liens against said property.

In his petition the plaintiff, L. M. Gardner, alleged the foregoing facts, the non-payment of the said note to Ida L. Johns to him, the amount due thereon, and that the condition of his said mortgage had been broken, and prayed for personal judgment against Ida L. Johns as maker of said note, and Clarence Helfrich and The Crestline Building & Loan Association as assumers of the payment thereof for the amount due thereon, and for foreclosure of his said mortgage.

Clarence Helfrich filed his answer to the petition, which was in effect a general denial.

The Crestline Building & Loan Association filed its second amended answer in which it denied that it is indebted to the plaintiff; denied that it assumed the mortgage lien mentioned and described in his petition; denied that it ever agreed to pay any sum of money to the plaintiff, under or upon any mortgage; denied that the defendant Clarence Helfrich ever agreed to pay any sum of money to plaintiff under any mortgage; and alleged that it never intended to assume payment of any mortgage lien, and averred that Clarence Helfrich who was acting for and on behalf of said loan company, at no time ever intended to assume payment of any mortgage indebtedness, or assume the payment of the amount called for by the mortgage mentioned in the petition of the plaintiff; and averred that said loan company had no right, power or authority under the law of the State of Ohio, or by its charter, to enter into any contract for the assumption of mortgage, and that the assumption of any mortgage lien, or any agreement to pay the amount called for by mortgage lien was and is beyond its corporate powers.

Pending determination of the issues raised by the pleadings, on May 27, 1935, plaintiff took judgment against Ida L. Johns by default for the full amount prayed for by plaintiff in his petition and by and with the consent of counsel for defendants Clarence Helfrich and The Crestline Building & Loan Association, decree of foreclosure and order of sale running in favor of said plaintiff Gardner was issued, directed to the sheriff, the entry thereof providing that said cause was continued as to all other matters.

The real estate was appraised several times, advertised several times for sale,

with no bidders, and ultimately the premises were sold on February 15, 1936, to the plaintiff Gardner for $300 after having been appraised at $450.

The case was thereafter submitted to the common pleas court on its merits, whereupon the court found upon the issues joined against the plaintiff Gardner and for the defendants Clarence Helfrich and The Crestline Building & Loan Association, and entered judgment accordingly.

Motion for new trial was thereafter overruled, and the sheriff was ordered to distribute the $300 arising from the sale of the real estate, and it is from this judgment in favor of defendants Clarence Helfrich and The Crestline Building & Loan Association and overruling the motion for new trial, that this appeal is perfected.

It is contended by the plaintiff-appellant that the judgment appealed from is contrary to law in that upon the undisputed facts of the case the judgment should have been in favor of the plaintiff instead of against him, and asks that in this appeal proceeding final judgment be entered in favor of plaintiff and against the defendants Clarence Helfrich and The Crestline Building & Loan Association.

An examination of the above quoted clause in the deed from Ida L. Johns to Clarence Helfrich shows that Helfrich assumed the mortgage held by The Crestline Building & Loan Association and did not assume the mortgage of the plaintiff. As Helfrich did not assume the mortgage of plaintiff he is not liable to plaintiff for the payment of same and the judgment of the common pleas court was not erroneous in holding that he was not liable to plaintiff.

An inspection of the above quoted clause in the deed from Helfrich to The Crestline Building & Loan Association, of the premises upon which plaintiff held his mortgage discloses that the grantee therein, the defendant The Crestline Building & Loan Association, apparently as a part of the consideration for the purchase of said premises

by it from Helfrich assumed all taxes and liens against said property. The plaintiff's mortgage was an existing lien on said premises and notwithstanding the fact that Helfrich, the grantor in said deed, had not assumed and was not liable for the payment of said mortgage, the defendant The Crestline Building & Loan Association by its said assumption became liable therefor unless the assumption thereof was beyond its corporate power. **Walset v Farmers Trust Co., 126 Oh St 369.**

We will therefore consider whether such assumption on the part of The Crestline Building & Loan Association was an ultra vires act which would preclude it from liability in the premises.

Under the provisions of §9643, GC, a building and loan association is a corporation for the purpose of raising money to be loaned to its members and others. Under the provisions of §9657, GC, the power of such association to loan money on real estate security is limited to loaning money on obligations secured by first lien on real estate, or any leasehold estate therein.

The only provisions of the General Code in effect at the time the transaction referred to in the pleadings in this case were had conferring corporate power on building and loan associations to acquire, hold or dispose of real estate or interests therein, and to borrow money, were as follows:

"Sec. 9655. To lease, acquire, hold, encumber, convey and rent such real estate and personal property as is necessary for the transaction of its business, or necessary to enforce or protect its securities."

"Sec. 9656. To borrow money not exceeding twenty per cent of the assets and issue its evidence of indebtedness or other security therefor."

"Sec. 9668. To have all such other powers as are necessary and proper to

enable such corporation to carry out the purpose of its organization."

We have included §9656 relating to the power to borrow money, among the sections to be considered for the reason that the plaintiff contends that the assumption of the mortgage by the building and loan association constituted the borrowing of money within the terms of said section.

An agreement to assume the payment of a mortgage made without consideration would be void for want of consideration so the only theory upon which the assumption of the mortgage by a grantee in a deed, as in the instant case, is sustainable as valid is that such assumption constituted a part of the consideration of the purchase price of the real estate. Presuming as we have in the instant case that such assumption did constitute a part of the consideration the transaction did not constitute a borrowing of money but an agreement to pay money constituting a part of the consideration for the acquirement of real estate. As it did not constitute a borrowing of money but a part of the consideration for the acquirement of real estate the transaction did not come within the power conferred on the building and loan association under §9656, GC, with reference to borrowing money, but came within the provisions of §9655, GC, with reference to the acquirement of real estate.

It will be noted that under the provisions of §9655, GC, corporate power is conferred on a building and loan association to lease, acquire, hold, encumber, convey and rent such real estate and personal property as is necessary for the transaction of its business or necessary to enforce or protect its securities.

The evidence in the case shows that the real estate in controversy was a residence property and not a business property, and from this evidence the Common Pleas Court was warranted in finding that the real estate was of such character that it was not necessary

for the transaction of the business of the building and loan association. As the real estate was not necessary for the transaction of the business of the association, whatever corporate authority it had under the provisions of §9655, GC, to acquire, was limited under said Section to cases where the acquirement of such real estate was necessary to enforce or protect its securities.

At the time of the acquirement of the real estate the building and loan association had by virtue of its mortgage thereon the first lien on said premises, and the lien the plaintiff had on said premises by virtue of his mortgage was subject and subordinate to the lien of the defendant.

There is no conceivable situation in which a building and loan association, the holder of the first mortgage lien on premises could enforce or protect its security therein by acquiring said premises and agreeing to pay as part of the consideration for the acquirement thereof a lien on such premises subject and subordinate to its lien. This being the case the building and loan association was without authority under said §9655, GC, to assume the payment of said lien of plaintiff. Nor was such power conferred by the provisions of §9668, GC, as such power was neither necessary nor proper to enable such corporation to carry out the purpose of its organization. National Home Building & Loan Association v Home Savings Bank, 54 N. E. 619.

The agreement on the part of the Association to assume said mortgage lien was therefore beyond its corporate powers.

Under the facts as disclosed by the bill of exceptions, no loss was created by any act of omission or commission on the part of the building and loan association and hence no equitable principle can be invoked in behalf of plaintiff against the building and loan association. He has all the security available that he contracted for when the obligation was created, namely a

ing

second mortgage on the real estate, and the personal liability of Ida L. Johns for any deficiency.

The building and loan association not being precluded by any equitable principle from interposing the defense of ultra vires the court, for the reasons above mentioned, properly sustained such defense.

For the reasons hereinbefore mentioned the judgment of the Common Pleas Court will be affirmed.

CROW, PJ., KLINGER & GUERNSEY, JJ., concur.